## Case No. 9,272.

### MATCALM v. SMITH.

[6 McLean, 416.] [1]

Circuit Court, D. Michigan. June Term, 1855.

MORTGAGES — FORECLOSURE — PARTIES — CHARGEABLE WITH BALANCE.

1. All persons interested, should be made parties to a bill to foreclose a mortgage.

2. This is indispensable where a party may be chargeable with any balance, which the sale of the mortgaged premises may not satisfy.

[1] [Reported by Hon. John McLean, Circuit Justice.]

[This was a suit by William H. Matcalm against Osmond Smith. Heard on demurrer to the bill.]

Mr. Howard, for plaintiff.
Mr. Clark, for defendant.

OPINION OF THE COURT. This is a bill in chancery to foreclose a mortgage. Charles D. Parkhurst executed three several promissory notes to plaintiff, each for five hundred and forty-four dollars, and to receive the payment of these notes, Smith and wife executed a mortgage for sixteen hundred and thirty-three dollars on the premises stated in the mortgage, dated 7th December, 1851, given by the said Parkhurst as collateral security. But if the money should not be paid, the party of the second part to sell the mortgaged premises. There was a failure to pay the sum due, $1280 70, on 1st July, 1853, and this bill is brought to have the mortgaged premises sold.

And the bill states that Eben Sherwood, who is also made a defendant, claims to have some interest or estate in the mortgaged premises, mortgaged to him by Parkhurst, dated 3d June, 1850, which required Parkhurst to pay to Sherwood $687 41, in three equal annual payments to be paid in sawing, and the said Sherwood to deliver the logs at the mill ponds. And the bill requires Sherwood to answer whether he has not received from Parkhurst the notes, &c., and whether the mortgage has not been fully paid; and whether the said mortgage ought not to be discharged of record. What amount, if any is due, on the mortgage. Whether he has delivered the logs, &c., at the mill pond. How many feet of lumber had been sawed by Parkhurst. Whether the said Parkhurst did not make the notes, and the said Smith and wife did not execute the mortgage; and whether the amount stated to be due on said notes is not due.

To the bill the defendants demur, and for cause of demurrer state, that Charles D. Parkhurst, alleged to be a citizen of Michigan, is not made a party, when the object of the bill is to foreclose a mortgage to pay his debt.

It is clear that Parkhurst should be made a party. The mortgage was executed by Smith and wife to pay his debt. The debt was incurred by Parkhurst for the purchase of the premises mortgaged. He sold to Smith, and Smith and wife agreed to pay to the mortgagee the original consideration, for which the premises were sold, and himself and wife executed a mortgage to secure such payment. It seems Parkhurst had mortgaged the premises, while he owned them to Sherwood, for six hundred and eighty-seven dollars and forty-one cents, to be paid in three equal annual payments in sawing lumber, &c., Sherwood to deliver logs to be sawed at the mill pond. Parkhurst is a necessary party to show in his answer how much

of the original consideration was paid, and especially is it necessary that he should answer how much he paid, on Sherwood's mortgage, if the whole of it were not discharged. Sherwood is called on to answer as to what payments were made, but Parkhurst has a direct interest in showing the payments to Sherwood, as he would be answerable to him for any remaining balance, or to the plaintiff, should Sherwood's mortgage be first satisfied, it being prior in date. The demurrer to the bill is sustained. Leave given to amend the bill.